**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____ :
                                :
PATRICK FRANCES,                :
                                :    Civil Action No. 08-992(JAG)
             Petitioner,        :
                                :
     v.                         :    OPINION
                                :
MIKE POWER, et. al.,            :
                                :
             Respondents.       :
_____ :
```

**APPEARANCES:**

        PATRICK FRANCES, Petitioner <u>Pro</u> <u>Se</u>
        # 299321
        East Jersey State Prison
        Lock Bag R
        Rahway, New Jersey 07065

**GREENAWAY, JR.**, District Judge

        This matter is before the Court on petitioner Patrick

Frances' petition for a writ of habeas corpus, pursuant to 28

U.S.C. § 2254.  For reasons discussed below, it appears from

review of the petition and the accompanying documents that the

petition for habeas corpus relief is subject to dismissal as

time-barred, under 28 U.S.C. § 2244(d).

I.   PROCEDURAL BACKGROUND

Petitioner, Patrick Frances ("Frances"), filed a petition seeking habeas corpus relief on or about February 13, 2008.[1] Based on his petition, Frances was convicted in the Superior Court of New Jersey, Passaic County, pursuant to a plea of guilty to aggravated assault.  Frances was sentenced on June 12, 1998 to eight (8) years in prison with a 85% parole ineligibility term. (Petition at ¶¶ 1-6).

Frances did not file a direct appeal from his judgment of conviction; instead, he filed a petition for post-conviction relief ("PCR") in state court, claiming that his guilty plea should be set aside because he did not understand the full consequences of his plea and because his trial counsel was

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which addressed filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Frances handed his petition to prison officials for mailing, Frances signed a certification of his petition on February 13, 2008.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, this Court finds that February 13, 2008 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on February 25, 2008.

2

ineffective.  (Petition at ¶¶ 8-11).  Frances does not provide the date on which he filed his first and only state PCR petition. However, he indicates that the state PCR petition was denied on July 13, 2005.  (Petition at ¶ 11(a)(6)).  Petitioner further asserts that he filed an appeal from the denial of his state PCR petition to the Superior Court of New Jersey, Appellate Division and to the New Jersey Supreme Court.  (Petition at ¶ 11(e)). Frances does not provide the date when these appeals were decided by the state court.[2]

Thus, based on the allegations in the petition and the record provided by petitioner, this Court will issue an Order to Show Cause directing the parties to show cause, in writing, why Frances' habeas petition should not be dismissed as time-barred.[3]

---

[2] To the extent that the state courts may not have rendered a final decision on petitioner's appeal from denial of his state PCR petition, then this habeas action would be subject to dismissal without prejudice for failure to exhaust state court remedies.  28 U.S.C. § 2254(b)(1)(A).

[3] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer.  Recently, the Supreme Court held that district courts are permitted to consider sua sponte the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).

II.   <u>STANDARD OF REVIEW</u>

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998).

III.   <u>STATUTE OF LIMITATIONS ANALYSIS</u>

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  <u>See</u> <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998); <u>Duarte v. Herschberger</u>, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose

4

convictions became final before the April 24, 1996 enactment of
AEDPA are permitted one year, until April 23, 1997, in which to
file a federal habeas petition under § 2254.  See Burns, 134 F.3d
at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27
(1997)("[t]he statute reveals Congress' intent to apply the
amendments to chapter 153 only to such cases as were filed after
the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of
a § 2254 petition requires a determination of, first, when the
pertinent judgment became "final," and, second, the period of
time during which an application for state post-conviction relief
was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the
meaning of § 2244(d)(1) by the conclusion of direct review or by
the expiration of time for seeking such review, including the 90-
day period for filing a petition for writ of certiorari in the
Supreme Court of the United States.  See Swartz v. Meyers, 204
F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337
n.1 (3d Cir. 1999); cf. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to
April 24, 1996, the effective date of § 2244(d), a state prisoner
has a one-year grace period after that effective date to file a
§ 2254 petition.  Burns, 134 F.3d at 111.  However, that

5

limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  <u>Stokes v. District Attorney of the County of</u>

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

6

Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S.
959 (2001).

The limitations period of § 2244(d) is also subject to
equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.),
cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153,
159 (3d Cir. 1999).  "Generally, a litigant seeking equitable
tolling bears the burden of establishing two elements: (1) that
he has been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way."  Pace v.
DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit
instructs that equitable tolling is appropriate when "principles
of equity would make the rigid application of a limitation period
unfair, such as when a state prisoner faces extraordinary
circumstances that prevent him from filing a timely habeas
petition and the prisoner has exercised reasonable diligence in
attempting to investigate and bring his claims."  LaCava v.
Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable
neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19;
Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling
have been found where:  (1) the petitioner has been actively
misled; (2) the petitioner has been prevented from asserting his
rights in some extraordinary way; (3) the petitioner timely

7

asserted his rights in the wrong forum, see Jones, 195 F.3d at
159, or (4) the court has misled a party regarding the steps that
the party needs to take to preserve a claim, see Brinson v.
Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473
(2005).[5]  Even where extraordinary circumstances exist, however,
"[i]f the person seeking equitable tolling has not exercised
reasonable diligence in attempting to file after the
extraordinary circumstances began, the link of causation between
the extraordinary circumstances and the failure to file is
broken, and the extraordinary circumstances therefore did not
prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d
Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir.
2000)), cert. denied, 539 U.S. 948 (2003).

     Here, Frances' judgment of conviction became final after the
enactment of AEDPA.  Because Frances did not file a direct
appeal, his conviction and sentence became final, and his statute
of limitations for filing a habeas petition began to run, on the
date on which the time for filing a direct appeal expired.  See
Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  A

---

     [5] The Third Circuit has expressly held that, in non-capital
cases, attorney error, miscalculation, inadequate research, or
other mistakes are not the extraordinary circumstances necessary
to establish equitable tolling. Johnson v. Hendricks, 314 F.3d
159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy,
240 F.3d at 244.

judgment of conviction was entered on June 12, 1998.  Under New
Jersey state court rules, the time for filing a direct appeal
expired 45 days thereafter, on or about July 27, 1998.  See
N.J.Ct.R. 2:4-1(a).  Thus, for purposes of determining when the
statute of limitations would start to run, Frances had one year
from July 27, 1998, or until July 27, 1999, to file his federal
habeas petition under § 2254.

Frances alleges in his petition that he filed a state PCR
petition, but he does not indicate the date on which he filed it.
To permit tolling of the one-year limitations period under 28
U.S.C. § 2244(d)(2), Frances would have had to file his petition
before the one-year period had expired, or before July 27, 1999.
Otherwise, the state PCR petition would not serve to toll the
statute of limitations.  Here, there is no indication that
Frances filed his state PCR petition before July 27, 1999.  He
provides only the date that his petition was denied – July 13,
2005, which is almost six years later.

As noted above, Frances did not file this federal habeas
petition until February 13, 2008, more than three years after his
state PCR petition was denied on July 13, 2005,[6] and almost

---

[6] Frances states that he filed an appeal from the denial of
his state PCR petition, but he provides no information as to the
date his appeal was denied or when the New Jersey Supreme Court
denied certification.  The petition is unclear as to whether the

eleven years after the one-year statutory limitations period had expired on July 27, 1999.

Under the Supreme Court's ruling in Day v. McDonough, 547 U.S. 198 (2006), district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions.

It would appear that Frances disregarded or miscalculated the statutory limitations period when he failed to count the time his limitations period began to run after his conviction became final on or about July 27, 1998, and before he filed his state PCR petition.  Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Moreover, even if Frances was ignorant of the fact that the limitations period began to run on July 27, 1998, when his conviction became final

_____

date of July 13, 2005 was the date the trial court denied Frances' state PCR petition or whether it was the date the New Jersey Supreme Court had denied certification on his appeal from denial of the state PCR petition.  In any event, the date may not matter if Frances did not file his state PCR petition before July 29, 1999, the date by which he had to file for collateral review if statutory tolling was to be applied.

under AEDPA, ignorance of the law, even for an incarcerated <u>pro se</u> petitioner, generally does not excuse prompt filing.  <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a <u>pro se</u> prisoner misreads the law.  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001); <u>see also</u> <u>Jones</u>, 195 F.3d at 159-60.

Nevertheless, before this Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198 (2006).

<u>CONCLUSION</u>

This Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d).  This Court shall order the parties to show cause, in writing, why this petition should or should not be dismissed as untimely.

An appropriate order follows.


                               S/Joseph A. Greenaway, Jr.
                               JOSEPH A. GREENAWAY, JR., U.S.D.J.


DATED:  April 24, 2008


11