**NOT FOR PUBLICATION**

                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


PATRICK FRANCES,                  :
                                  :    Civil Action No. 08-992 (JAG)
            Petitioner,           :
                                  :
       v.                         :    **OPINION**
                                  :
MIKE POWER, et al.,               :
                                  :
            Respondents.          :


**APPEARANCES:**

    PATRICK FRANCES, Petitioner Pro Se
    # 299321
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065

**GREENAWAY, JR.**, District Judge

   This matter is before the Court on petition of Patrick Frances seeking habeas corpus relief, under 28 U.S.C. § 2254. For the reasons discussed below, this Court shall direct the respondents to answer the petition and provide the relevant state court record.  In particular, Respondents must address the issue of whether the habeas petition should be dismissed as untimely, under 28 U.S.C. § 2244(d).

I.  PROCEDURAL BACKGROUND

Petitioner, Patrick Frances ("Frances"), filed a petition seeking habeas corpus relief on or about February 13, 2008.[1] Upon preliminary screening of the petition, this Court issued an Order to Show Cause, dated April 25, 2008, directing Frances to show cause why his petition should not be dismissed as untimely, under 28 U.S.C. § 2244(d). Frances responded to this Court's April 25, 2008 Order on or about May 15, 2008. (See Docket Entry No. 5, Petitioner's Memorandum ("Pet. Mem.").

The allegations contained in the petition and in petitioner's response to the Order to Show Cause uniformly assert that Frances was indicted by a Passaic County Grand Jury on February 18, 1998, under Indictment No. 98-02-0191-1, on charges of second, third, and fourth degree aggravated assault, third

---

[1] According to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Frances handed his petition to prison officials for mailing, Frances signed a certification of his petition on February 13, 2008. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). This Court finds that February 13, 2008 is the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on February 25, 2008.

degree possession of a weapon for an unlawful purpose, and fourth degree unlawful possession of a weapon.  Frances also states that he had two additional indictments pending against him at the time, namely, Indictment No. 97-05-0435 for second degree aggravated assault, and Indictment No. 97-08-0772 for fourth degree unlawful taking by conveyance and third degree possession of a weapon.

    On June 8, 1998, Frances pled guilty to aggravated assault under Indictment No. 97-02-0191-1, pursuant to a plea agreement. As part of the agreement, Frances also pled guilty to the charges under Indictment No. 97-05-0435.  Frances states that at the time he entered his guilty pleas, he was serving a prison term of 22½ years following a conviction by jury trial on a 1996 indictment – Indictment No. 96-09-0860.  On Indictment No. 97-02-0191-1, Frances received a sentence on June 12, 1998, of eight (8) years in prison with a 85% parole ineligibility term, resulting in a mandatory prison term of 6 years and 8 months, to run consecutively to the sentence meted out for Frances' earlier conviction (which he already was serving at that time).  Frances also was sentenced under Indictment No. 97-05-0435 to a prison term of 8 years with a mandatory 4-year parole disqualifier to run concurrently with Indictment No. 97-02-0191-1.  On a third indictment, No. 97-08-0772, Petitioner received a sentence of an aggregate 5-year prison term, which was to run concurrently with

the other sentences.  (Petition at ¶¶ 1-6, and Pet. Mem. at pp. 1-3).

Frances alleges that he was never informed of the mandatory 3-year term of parole imposed under the NERA statute at his plea hearing or his sentencing hearing in June 1998.  (Pet. Mem. at pg. 3).  Rather, Frances claims that he did not learn of the 3-year mandatory parole supervision until March 19, 2002, when he received a letter from the New Jersey State Parole Board.  (Pet. Mem. at Attachment 1).  The March 19, 2002 letter informed petitioner that "the sentence imposed by Judge Ronald G. Marmo on June 12, 1998 and February 28, 2002 includes the component of a mandatory supervision term of three (3) years."  (Id.)

Frances attempted to challenge the 3-year mandatory parole supervision term with the New Jersey Department of Corrections, from March 2002 until October 2004, without success.  He then filed a petition for post-conviction relief ("PCR") in state court on or about November 4, 2004.  On July 13, 2005, the state court denied Frances' state PCR petition, but ruled that the 3-year period of mandatory parole be dropped and the terms of the original plea agreement reinstated.

Frances promptly appealed to the Superior Court of New Jersey, Appellate Division from the denial of his PCR petition. On June 5, 2007, the Appellate Division affirmed, in part, and remanded, in part, concluding that once the trial court eliminated the 3-year NERA parole supervision term, petitioner's

4

sentence became illegal.  In September 2007, Frances alleges that the trial court reinstated the 3-year NERA parole supervision term.  Frances then filed a petition for certification with the New Jersey Supreme Court, which was denied on November 15, 2007.  Frances filed this habeas petition in February 2008.

## II. STATEMENT OF CLAIMS

In his habeas petition, Frances raises the following claims for habeas relief:

Ground One: Petitioner's plea agreement violated his rights under the Sixth and Fourteenth Amendments because he was never made aware of the mandatory parole term.

Ground Two: Petitioner was denied his right to effective assistance of trial counsel.

Ground Three: The sentence imposed by the trial court, pursuant to the plea agreement, was illegal and in violation of the Sixth and Fourteenth Amendments.

## III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399

U.S. 912 (1970). Because petitioner is a pro se litigant, this Court will accord his petition the liberal construction intended for pro se petitioners.

## IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

6

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the Supreme Court of the United States. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for

7

a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could have been filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24.  Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the Supreme Court of the United States.  <u>See</u> <u>Lawrence v. Florida</u>, __ U.S. __, 127 S.Ct. 1079, 1083 (2007); <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

Here, Frances' judgment of conviction became final after the enactment of AEDPA.  Because Frances did not file a direct appeal, his conviction and sentence became final, and his statute of limitations for filing a habeas petition began to run, on the date on which the time for filing a direct appeal expired.  <u>See</u> <u>Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir. 1999).  The judgment of conviction from which Frances appeals was entered on June 12, 1998, and under New Jersey state court rules, the time for filing a direct appeal expired 45 days thereafter, on or about July 27, 1998.  <u>See</u> N.J.Ct.R. 2:4-1(a).  Thus, for purposes

---

example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

of determining when the statute of limitations would start to run, Frances had one year from July 27, 1998, or until July 27, 1999, to file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Frances would have had to file his state PCR petition before the one-year period had expired, or before July 27, 1999. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Frances admits that he did not file his state PCR petition until November 4, 2004, more than five years after the statute of limitations had expired.[3]

Thus, it would appear that Frances disregarded or miscalculated the statutory limitations period when he failed to count the time his limitations period began to run after his conviction became final on or about July 27, 1998, and before he filed his state PCR petition. Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Moreover, even if Frances was ignorant of the fact that the limitations period began to run on July 27, 1998, when his conviction became final

---

[3] Under the Supreme Court's ruling in Day v. McDonough, 547 U.S. 198 (2006), district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must afford the parties fair notice and an opportunity to present their positions.

under AEDPA, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction.");[4] see also Jones, 195 F.3d at 159-60.

Nevertheless, Frances may be able to overcome this statutory time bar if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).

---

[4] In Delaney, the United States Court of Appeals for the First Circuit also noted that petitioner was not an ordinary pro se litigant because his submissions to the court displayed a clear understanding of the AEDPA amendments. Delaney, 264 F.3d at 15. Similarly here, petitioner shows a clear understanding of the timeliness provisions under AEDPA based on his well-articulated arguments for application of equitable tolling.

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[5] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is

---

[5] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

    In this case, Frances argues for the application of equitable tolling.  He contends that he never was informed about the mandatory parole supervision term at the time he pled guilty or when he was sentenced, so he was not aware of the term at the time the judgment of conviction was entered in 1998.  He claims the first time he was informed about the mandatory parole term was in March 2002, when he received a letter from the New Jersey State Parole Board.  He challenged the supervised parole term administratively within the New Jersey Department of Corrections for 2½ years, from March 2002 through October 2004, without success.  Frances then filed a state PCR petition on or about November 4, 2004, which was denied on July 13, 2005.  His appeal also was denied and the New Jersey Supreme Court denied certification on November 15, 2007.

    Thus, Frances seeks equitable tolling at two different times.  First, he asks that the statute of limitations be equitably tolled from July 1998 through March 19, 2002, on the ground that he was never informed of the mandatory parole term he now seeks to challenge.  Second, he suggests that the period of time he attempted to resolve the matter through administrative

remedies should likewise toll the statute because he had asserted his rights in a timely fashion but in the wrong forum.

Frances must prevail on the first ground for equitable tolling in order to equitably toll the second period of time while he was allegedly attempting to exhaust his administrative remedies. However, this Court cannot determine at this time whether equitable tolling is warranted without a transcript of the plea hearing and sentencing hearing, and a copy of the judgment of conviction rendered on June 12, 1998. These documents are necessary to confirm that Frances was not informed of the mandatory parole term, as he alleges. Until review of these documents, this Court will reserve decision on this issue, and direct the Respondents to answer the petition, and specifically address the question of whether this petition should be dismissed as time-barred.

## CONCLUSION

Based on the rationale set forth in this Opinion, this Court shall direct the respondents to answer the petition, and address the issue of whether or not the petition should be dismissed as time-barred, pursuant to 28 U.S.C. § 2244(d).

                                       S/Joseph A. Greenaway, Jr.
                                       JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July 7, 2008