**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                               :
PATRICK FRANCES,               :
                               :   Civil Action No. 08-992(JAG)
            Petitioner,        :
                               :
    v.                         :           OPINION
                               :
MIKE POWER, et al.,            :
                               :
            Respondents.       :
_____:
```

**APPEARANCES:**

   PATRICK FRANCES, Petitioner Pro Se
   # 299321
   East Jersey State Prison
   Lock Bag R
   Rahway, New Jersey 07065

   STEVEN E. BRAUN, ESQ.
   Office of the Passaic County Prosecutor
   401 Grand Street
   Paterson, New Jersey 07505-2095
   Counsel for Respondents

**GREENAWAY, JR.,** District Judge

   This matter is before this Court on petitioner Patrick Frances' application seeking the issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas relief will be dismissed as time-barred, under 28 U.S.C. § 2244(d).

1

I.   PROCEDURAL BACKGROUND

This Court recounts the procedural history of this case as set forth in the petition, and the state court record provided by respondents.  In particular, this Court relies on the transcripts of the June 8, 1998 plea hearing, the June 12, 1998 sentencing hearing, the July 8, 2005 PCR hearing, the 1998 plea form and supplemental NERA plea form, and the June 5, 2007 Appellate Division Opinion on appeal from denial of post-conviction relief.

On June 8, 1998, petitioner, Patrick Frances ("Frances"), entered a guilty plea, in the Superior Court of New Jersey, Passaic County, to second degree aggravated assault, unlawful taking of means of conveyance, and third degree unlawful possession of a weapon.  (June 8, 1998 Plea Hearing Transcript). On June 12, 1998, Frances was sentenced to an eight-year NERA[1] term, which was subject to an 85% parole ineligibility period and a three-year period of parole supervision following completion of his base term.  (Appellate Division Opinion, dated June 5, 2007, at pg. 2).

Frances did not file a direct appeal from his judgment of conviction.  Rather, on November 4, 2004, he filed a petition for post-conviction relief ("PCR") in state court, claiming that his

---

[1] No Early Release Act, N.J. STAT. ANN. § 2C:43-7.2.

guilty plea should be set aside because petitioner did not understand the full consequences of his plea and because his trial counsel was ineffective. (Petition at ¶¶ 8-11). Specifically, Frances claims that he was not informed and did not know about the three-year term of parole supervision until March 2002, when he received a letter from the New Jersey State Parole Board. (Petition at ¶ 11(a)(6)).

On July 8, 2005, the Honorable Ronald G. Marmo, J.S.C., conducted an evidentiary hearing on Frances' state PCR petition. Judge Marmo, who had been the plea and sentencing judge in June 1998, found that Frances was fully informed of the penal consequences of his plea. Judge Marmo denied the PCR petition in which Frances sought to withdraw his guilty plea. However, the judge eliminated the three-year parole supervision term.

Frances appealed from denial of his PCR petition to the Superior Court of New Jersey, Appellate Division. On June 5, 2007, the Appellate Division affirmed the PCR court's denial of post-conviction relief, but remanded the matter because the parole supervision term under NERA was mandatory and thus, when the PCR court eliminated the term, an illegal sentence was created. (Appellate Division Opinion, dated June 5, 2007, at pp. 2-5). In September 2007, Frances alleges that the trial court reinstated the 3-year NERA parole supervision term. Frances then

filed a petition for certification with the New Jersey Supreme Court, which was denied on November 15, 2007.

On or about February 13, 2008, Frances filed this petition seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254.[2] On April 25, 2008, this Court issued an Order to Show Cause directing petitioner to show cause, in writing, why his habeas petition should not be dismissed as time-barred. (Docket Entry No. 3). Frances responded on or about May 15, 2008. (Docket Entry No. 5). Respondents were directed to answer the petition by Order issued July 7, 2008. In particular, respondents were directed to address the statute of limitations issue. (Docket Entry No.7).

Respondents filed an answer to the petition on August 8,

---

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which focuses on filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Frances handed his petition to prison officials for mailing, Frances signed a certification regarding his petition on February 13, 2008. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, this Court finds that February 13, 2008 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not February 25, 2008, the date the petition was received by the Clerk of the Court.

2008.  Frances then filed his objections, or traverse, to the answer on September 8, 2008.

## II.  CLAIMS PRESENTED

Frances raises the following claims in his habeas petition:

Ground One: Petitioner's plea agreement was in violation of the Sixth and Fourteenth Amendments because he was never made aware of the full consequences of the agreement.

Ground Two: Petitioner was denied his right to effective assistance of counsel.

Ground Three: The sentence imposed by the trial court, pursuant to the plea agreement, was illegal and violated the Sixth and Fourteenth Amendments.

In opposition, the State contends that the habeas petition is time-barred.  Alternatively, the State further argues that the claims asserted by petitioner lack merit.

## III. STATUTE OF LIMITATIONS ANALYSIS

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[3] which provides in pertinent part:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in

---

[3] Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

>custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of when the pertinent judgment became "final," and the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state court criminal judgment becomes "final," within the meaning of § 2244(d)(1), by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Frances' judgment of conviction was entered on June 12, 1998.  Under New Jersey state court rules, the time for filing a direct appeal expires 45 days after entry of judgment; therefore, Frances had until July 27, 1998 to file a direct

appeal from the judgment of conviction entered on June 12, 1998. See N.J.Ct.R. 2:4-1(a). In this case, Frances did not seek direct review of his conviction and sentence. Thus, for purposes of determining when the statute of limitations would start to run, Frances had one year from July 27, 1998, or until July 27, 1999, to file his federal habeas petition under § 2254. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)(the statute of limitations for filing a habeas petition begins to run when the judgment of conviction becomes final, or on the date on which the time for filing a direct appeal expired).

Frances did not file his federal habeas petition until February 2008, almost nine years after the limitations period had expired. Consequently, he seeks this Court to apply either statutory tolling or equitable tolling to make his habeas petition timely.

By statute, the limitations period is tolled during the time that a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules

the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

In this case, Frances cannot look to statutory tolling under § 2244(d)(2) because he did not file his state PCR petition until November 4, 2004, long after his judgment of conviction became final on July 27, 1998.  Because statutory tolling is unavailable to petitioner, Frances argues that equitable tolling should

---

governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

apply.

The limitations period of § 2244(d) may be subject to equitable tolling under limited circumstances. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely

9

asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[5]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, Frances invokes equitable tolling, claiming that he was never informed of the mandatory parole supervision term until March 19, 2002, and that he tried to resolve the matter through administrative remedies with the New Jersey State Parole Board, without success before bringing his state PCR petition.

The State argues that Frances does not meet the conditions

---

[5] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

10

necessary for equitable tolling. First, the State contends that Frances in disingenuous in claiming that he did not know of the three-year period of parole supervision until March 19, 2002. Based on the record provided, it would appear that Frances did indeed know about the parole supervision term at issue. Specifically, the Supplemental Plea Form for NERA Cases is attached to the record and plainly demonstrates that, on June 8, 1998, petitioner was informed about the three year term of parole supervision. The form is dated June 8, 1998 and signed by both petitioner and his defense counsel, Mr. Loukedis.

Moreover, on appeal from denial of post-conviction relief, the Appellate Division found:

> Here, the judge properly conducted an evidentiary hearing to determine whether defendant had been informed of the NERA period of parole supervision, and, if not, whether his lack of knowledge of this penal consequence of his plea was material to his decision. Following the hearing, the judge found that defendant was informed of the NERA three-year parole supervision term; thus he denied the petition to set aside the guilty plea. The judge found that the plea agreement contained the supplemental NERA form, that this form specifically referred to a three-year supervision term, that the transcript of the plea proceeding demonstrated [that] defendant knew the sentence was subject to NERA, and that defendant had read and understood every page of the plea agreement. These findings are well-supported by the record and cannot be disturbed. State v. Locurto, 157 N.J. 463, 470-71 (1999). We, therefore, affirm the order denying defendant's petition for post-conviction relief.

(Appellate Division Opinion, dated June 5, 2007, at pp. 4-5).

Based on the state court decisions on PCR and appeal, and

11

the Supplemental Plea Form signed by petitioner on June 8, 1998, this Court finds that Frances cannot demonstrate extraordinary circumstances sufficient to permit equitable tolling here. Frances has not shown that he was actively misled at the time he signed his plea agreement so as to support his claim that he was unaware of the three-year parole term.  The state court record plainly shows that Frances was made aware of the NERA sentencing requirements, including the three-year parole supervision term, through the plea form and supplemental NERA plea form, and at the plea hearing.

    Additionally, Frances fails to show that he had been prevented from asserting his rights in some extraordinary way. The court told Petitioner at the time of his plea and sentencing, in June 1998, that he had the right to appeal his sentence, if he chose to do so.  He sat on this right and did not attempt to challenge his sentence through state court review until November 2004 at the earliest.

    Frances explains his lack of diligence by arguing that he did not know of the NERA parole term until March 2002, when he received a letter from the New Jersey State Parole Board. Frances further argues that he then tried to exhaust his remedies with the New Jersey State Parole Board before he filed his state PCR petition in November 2004.  This explanation for delay

falters and is not sufficient to invoke equitable tolling.

Frances must show that he timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, which he did not do. The New Jersey State Parole Board is not a court of law, and does not constitute a proper forum in which to appeal a sentence. Moreover, as mentioned above, the trial judge made it very clear to petitioner, at his sentencing, that he had the right to appeal his sentences.  Thus, Frances cannot show that he was misled by the court as to the proper steps to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).

This Court finds no basis or justification for applying equitable tolling.  Frances cannot show any extraordinary circumstance: he was not actively misled by the State or by any court in any way, and was determined by state court review to have been fully aware of his NERA parole term in June 1998; he was not prevented from asserting his claim for relief at any time; his state PCR petition was not timely filed, as it was filed more than six years after his judgment of conviction became final;[6] and Frances cannot show that any court misled him about

---

[6] Even if this Court accepts, for argument's sake, that Frances did not know about the NERA parole term until March 2002, as he claims, his state PCR petition was still untimely and would not have tolled the statute of limitations under § 2244(d)(2),

13

what he needed to do to preserve his claim.

At best, Frances can show only that he was ignorant of the law, or made an error in choosing to remedy his disagreement with the NERA parole term with the New Jersey State Parole Board.  But ignorance of the law, or mere excusable neglect, is not sufficient to warrant equitable tolling.  See LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001)(ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing).  Furthermore, courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.

Frances did not file this federal habeas petition until February 13, 2008, almost eleven years after the one-year statutory limitations period had expired on July 27, 1999.  There is no statutory tolling under 28 U.S.C. § 2244(d)(2) that applies here.  Lastly, no extraordinary circumstances have been demonstrated to permit equitable tolling of the limitations period.  Frances' habeas petition is untimely filed and must be

---

because it was filed in November 2004, more than two years after he allegedly learned about the parole term.

dismissed.

## IV.   CERTIFICATE OF APPEALABILITY

The next issue to resolve is whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is time-barred.  Also, this Court is persuaded that reasonable jurists would not debate the correctness of this conclusion.  A certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus, under 28 U.S.C. § 2254, is time-barred, pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue, pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

      S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

DATED:  March 27, 2009